IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT ROBB | § § | |
| VS. | § § | CIVIL ACTION NO. 5:05-CV-163 |
| MEDTRONIC, INC. | § § | |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, ROBERT ROBB and MEDTRONIC, INC., and their undersigned counsel, as follows:

1. All materials and copies, transcriptions, or other reproductions of materials (collectively "materials") produced in this action pursuant to the discovery provisions of the Texas Rules of Civil Procedure, an order of this Court, or otherwise, which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature, shall be subject to the provisions of this Stipulation and Protective Order.

2. Any party to this action and counsel for any party to this action may designate as "confidential" any materials produced in this action which contain, describe, evidence, identify, or refer to information of a confidential or proprietary nature by, prior to production of such materials, stamping such materials "confidential."

   a. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copy or copies that are produced or exchanged. Originals shall be preserved for inspection.

441228.1



  b. Documents unintentionally produced without designation as "confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

  c. A party shall not be obligated to challenge the propriety of a designation as "confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

3. Materials and the contents of materials designated "confidential" shall be used for purposes of this action only and for no other purpose except the customary business purposes of the party producing such materials, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) and the parties in this action and counsel for the parties in this action who have executed this Stipulation and Protective Order, except as is hereinafter provided in this Stipulation and Protective Order.

  a. Submission to this Court of materials or the contents of materials designated "confidential" shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so submitted.

  b. The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to other counsel, to paralegals, and to clerical staff employed in the disclosing counsel's office shall not constitute a violation of, or a waiver of, the protections afforded by this

2

441228.1

Stipulation and Protective Order to the materials or contents of the materials so disclosed.

c.  The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to experts or consultants who are employed by such counsel, and who, prior to such disclosure, have executed an Affidavit in the form attached hereto as Exhibit A, shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so disclosed.

d.  The disclosure of such confidential materials to said experts or consultants will be in hard copy form only and will not be in any digitized or other computer readable format (such as a PDF format).

e.  Nothing shall be designated as "confidential" if there is information that the receiving party can show by written documentation the information that was in its rightful and lawful possession at the time of disclosure.

4.  In the event that counsel for a party to this action desires to disclose materials or the contents of materials designated "confidential" to any person or entity other than those described in Paragraph 3 above, that counsel shall first make a written request to counsel for the party which produced such materials for permission to disclose such materials or the contents of such materials, which written request shall describe with specificity the materials or contents of the materials for which such disclosure is sought and set forth with specificity the identity of the person or entity for whom such permission to disclose is sought.

3

441228.1

a. In the event permission to disclose materials or the contents of materials designated "confidential" to persons or entities other than those described in Paragraph 3 above is not promptly granted, and such permission shall not be unreasonably withheld, the counsel desiring such disclosure may make written application to this Court for an Order permitting such disclosure subject to the terms and conditions of this Stipulation and Protective Order.

b. In the event that permission to disclose materials or the contents of materials designated "confidential" to persons or entities other than those described in Paragraph 3 above is granted, whether in writing by counsel for the party producing such materials or by an Order of this Court, the counsel desiring such disclosure shall, prior to such disclosure, require the person or entity for whom such permission to disclose was sought to execute an Affidavit in the form attached hereto as Exhibit A and shall limit such disclosure to only those persons or entities identified in the written grant of permission of counsel for the party producing such materials or in the Order of this Court.

c. Upon written request of counsel for a party to this action, the other party's counsel shall promptly provide a written list of all persons or entities other than those described in Paragraph 3 above to whom or to which materials or the contents of materials designated "confidential" have been disclosed, together with a copy of each Affidavit required to have been executed by each such person or entity prior to such disclosure.

5. Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Protective Order if each party designating the information as

"confidential" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the "confidential" information, irrespective of which party produced such information.

6. Attendance at depositions taken in this action at which materials or the contents of materials designated "confidential" are identified, discussed, or disclosed shall be limited to the parties to this action, counsel for the parties to this action, including other counsel, paralegals, and clerical staff employed in his or her office, the court reporter, the witness, counsel for the witness, and any experts or consultants who are employed by such counsel and who, prior to the deposition, have executed an Affidavit in the form attached hereto as Exhibit A.

    a. In the event materials or the contents of materials designated "confidential" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those described in Paragraph 4 above, the deponent shall be required to acknowledge on the record that he or she has been advised of and has agreed to be bound by the terms of this Stipulation and Protective Order.

    b. No transcript or any portion of any transcript of any deposition taken in this action wherein materials or the contents of materials designated "confidential" are identified, discussed, or disclosed, shall be disclosed to any person or entity except as is provided in this Stipulation and Protective Order.

5

441228.1

7. Information disclosed at: (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation; or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "confidential" information by indicating on record at the deposition that the testimony is "confidential", and is subject to the provisions of this Stipulation and Protective Order.

    a. Any party may also designate information disclosed at such deposition as "confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the corrected transcript of the specific pages and lines of transcript which should be treated as "confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as "confidential" up to and for a period of thirty (30) days after the receipt of transcript

8. Counsel for a party to this action may make a written request to counsel for any other party to this action that the provisions of this Stipulation and Protective Order be waived as to those materials designated "confidential" which are specifically described in such request.

    a. In the event such a waiver is not promptly granted, and such a waiver shall not be unreasonably withheld, the counsel requesting the waiver may make written application to this Court for an Order requiring such a waiver which application shall describe with specificity the materials for which such

6

441228.1

waiver has been sought and set forth with specificity any and all grounds or bases for the requested waiver.

      b.    In the event such a waiver is granted, whether in writing by counsel for the party producing such materials or by an Order of this Court, then upon written request of counsel for the party to this action who produced such materials, the other party's counsel shall promptly provide a written list of all persons or entities to whom or to which materials or the contents of materials for which such a waiver has been granted have been disclosed.

9.    In the event that counsel for a party to this action desires to identify, discuss, disclose, or otherwise use materials or the contents of materials designated "confidential" during the course of pretrial or trial proceedings, he or she shall, prior to such identification, discussion, disclosure, or use, make reference to the confidential nature thereof to counsel for the party producing such materials; and counsel for the party producing such materials may at the time of or after such identification, discussion, disclosure, or use, request that any portion of any transcript wherein such materials or the contents of such materials are identified, discussed, disclosed, or used, and any exhibits wherein materials or the contents of materials designated "confidential" are identified, discussed, disclosed, or used, be filed under seal with this Court and be accorded the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so identified, discussed, disclosed, or used.

      a.    Counsel for the parties to this action shall exercise due care not to needlessly disclose to persons present at such pretrial or trial proceedings or to

7

441228.1

have recorded or placed in the public record of such proceedings, materials or the contents of materials designated "confidential."

10. In the event materials designated "confidential" or transcripts or other things wherein materials or the contents of materials designated "confidential" are identified, discussed, disclosed, or otherwise used are deposited with the Clerk of this Court, such materials, transcripts, or other things shall be filed in a sealed envelope bearing the following designation when deposited:

CONFIDENTIAL

THE CONTENTS OF THIS ENVELOPE ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND MUST NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE.

11. Counsel for a party to this action shall not, in the presence of the jury, comment on the fact that the materials have been designated "confidential" or on the reasons or motivation for designating materials "confidential" without first having obtained permission of the Court to do so.

12. This Stipulation and Protective Order, to the extent to which it restricts the depositing, disclosure, discussion, identification, and use of materials and the contents of materials designated "confidential," shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs.

    a. Within sixty (60) days after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, the Clerk of this Court shall return under seal all materials

8

441228.1

designated "confidential," including without limitation, all transcripts or other things wherein materials or the contents of materials designated "confidential" are identified, discussed, disclosed, or otherwise used, to counsel for the party who produced the materials.

b. Within ninety (90) days after final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, all materials designated "confidential," including without limitation, all transcripts or other things wherein materials or the contents of materials designated "confidential" are identified, discussed, disclosed, or otherwise used, shall, by counsel then having possession, custody, or control of such materials, transcripts, or other things, be destroyed or be returned to counsel for the party producing such materials, and such destroying or returning counsel shall execute an Affidavit in the form attached hereto as Exhibit B, which shall at the same time be mailed to counsel for the party who produced the materials so destroyed or returned.

13. It is understood by all parties to this action that this Stipulation and Protective Order does not address, include, cover, or relate to exhibits to be used at trial. As such, a counterpart or addendum to this Stipulation and Protective Order related to exhibits to be used at trial will be negotiated and agreed upon by November 29, 2006.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude the party producing any materials designated "confidential" from seeking

additional protection for such materials or the contents of such materials or from otherwise seeking a modification of this Stipulation and Protective Order.

15. Notwithstanding the date upon which the Court enters this Stipulation and Protective Order, this Stipulation and Protective Order shall become effective and binding upon each of the parties to this action, Robert Robb and Medtronic, Inc., and each of their undersigned counsel, on the date each party and each counsel execute same.

16. Nothing in this Stipulation and Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment, or decree of whatever description.

17. This Stipulation and Protective Order may be executed in one or more counterparts, in which case, all executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

18. Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Stipulation and Protective Order voluntarily and that the terms and provisions of this Stipulation and Protective Order have been read and understood by them.

DATED: 6-6-06

Mr. Thomas M. Corea
SBN: 24037906
THE COREA FIRM, PLLC
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
214/953-3900
FAX: 214/953-3901
ATTORNEY FOR PLAINTIFF,
ROBERT ROBB

DATED: 6-12-06

J. MICHAEL MYERS
State Bar No. 14760800
Direct Line: (210) 731-6309
Direct Fax: (210) 785-2909
E-mail: jmm@ball-weed.com
BALL & WEED, P. C.
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, Texas 78212
(210) 731-6300
ATTORNEY FOR DEFENDANT,
MEDTRONIC, INC.,

**SIGNED this 16th day of June, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

11

441228.1

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT ROBB | § § | |
| VS. | § | CIVIL ACTION NO. 5:05-CV-163 |
| MEDTRONIC, INC. | § § | |

AFFIDAVIT OF _____

STATE OF _____ §
§
COUNTY OF _____ §

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____ _____, who after first being duly sworn, states as follows:

1. My name is _____ _____. I am over the age of 18 years and am a resident of _____ _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in Robert Robb v. Medtronic, Inc., Cause No. 5:05-CV-163, in the United States District Court for the Eastern District of Texas, Texarkana Division. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

12

441228.1

3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "confidential" pursuant to the above-described Protective Order with, to, or for any person or entity other than the United States District Court for the Eastern District of Texas, Texarkana Division, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case I promise to deliver all such copies, transcriptions, or reproductions only to the counsel who so directed me to make such copies, transcriptions, or reproductions and to no other person or entity.

6. I understand that, by signing this Affidavit, I am subjecting myself to the jurisdiction of this Court, and that any use of the materials or contents of the materials designated "confidential" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

Further, Affiant sayeth not.

_____
AFFIANT

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 200\_\_.

MY COMMISSION EXPIRES: _____  _____
NOTARY PUBLIC, STATE OF _____

14

441228.1

## EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT ROBB | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:05-CV-163 |
| | § | |
| MEDTRONIC, INC. | § | |

AFFIDAVIT OF _____

STATE OF _____ §
§
COUNTY OF _____ §

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esquire, who after first being duly sworn, states as follows:

1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I have either destroyed or attached hereto all of the materials, transcripts, and other things described in the Protective Order which was entered by the Court in Robert Robb v. Medtronic, Inc., Cause No. 5:05-CV-163, in the United States District Court for the Eastern District of Texas, Texarkana Division.

15

441228.1

Further, Affiant sayeth not.

_____
AFFIANT

Subscribed and sworn to before me this _____ day of _____, 200__.

_____
MY COMMISSION EXPIRES:_____ NOTARY PUBLIC, STATE OF _____

16

441228.1