IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ROBERT ROBB** § | | |
| **Plaintiff** § | | |
| § | | |
| **V.** § | No. 5:05CV163 | |
| § | | |
| **MEDTRONIC, INC.** § | | |
| **Defendant** § | | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Plaintiff Robert Robb's Request for Leave to Amend the Scheduling Order and Motion to Enlarge Time for Plaintiff to Designate Plaintiff's Expert Witnesses and to File Expert Reports (Docket Entry # 18), Plaintiff's Supplemental Motion to Plaintiff Robert Robb's Request for Leave to Amend the Scheduling Order and Motion to Enlarge Time for Plaintiff to Designate Plaintiff's Expert Witnesses and to File Expert Reports (Docket Entry # 29), Defendant Medtronic, Inc.'s Opposed Motion to Strike Plaintiff's Late Designation of Ted Milo as Expert (Docket Entry # 32), and Plaintiff's Motion for Continuance (Docket Entry # 35) were referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motions. The Court, having reviewed the motion and hearing arguments of counsel,[1] issues the following Order.

### I. FACTUAL BACKGROUND

Robert Robb ("Plaintiff") filed this products liability suit against Medtronic, Inc. ("Defendant"). Plaintiff alleges Defendant placed the Medtronic Spinal Cord Stimulators into the stream of commerce by selling the product to Drs. C.M. Schade ("Dr. Schade"), Brent Morgan ("Dr.

---

[1] The Court conducted a hearing on the motions on September 29, 2006.

Morgan"), and Jeffery Wasserman ("Dr. Wasserman"). According to Plaintiff, on or about October 22, 1997, Plaintiff fell from a fourteen-foot water tower, resulting in severe neck and back injury/pain, cervicogenic vertigo, and tinnitus. Plaintiff alleges he underwent several months of conservative treatment, and on March 10, 1999, Dr. Allen Meril performed a cervical fusion at C4-5 and C5-6 on Plaintiff.

Plaintiff alleges he continued to suffer severe back pain and tinnitus following the back surgery, and on or about January 25, 1998, Dr. Schade commenced conservative post-surgical treatment on Plaintiff. According to Plaintiff, conservative treatment failed, and on or about October 21, 2002, Dr. Schade completed a trial of a Medtronic Spinal Cord Stimulator in Plaintiff. Plaintiff alleges he was admitted by Drs. Schade and Morgan to Leland Medical Plaza in Garland, Texas for implantation of the device. Plaintiff alleges the device significantly relieved his back pain until it unexpectedly stopped operating. Plaintiff alleges Dr. Wasserman implanted a new Medtronic Spinal Cord Stimulator into Plaintiff in late October of 2004. Plaintiff alleges the operation was necessitated by the failure of the first device.

According to Plaintiff, the second device also failed, necessitating the implantation of a third device. Plaintiff alleges the Spinal Cord Stimulator 3 was eventually removed from Plaintiff, and Plaintiff has been forced to undergo other means of treatment for the conditions which the Medtronic products were to address.

## II. PROCEDURAL BACKGROUND

Plaintiff filed this cause of action on August 23, 2005. Under the Scheduling Order dated March 21, 2006, Plaintiff's deadline to designate his experts was May 1, 2006, and his expert report deadline was May 15, 2006. Defendant's deadline to designate its experts was June 16, 2006, and

its expert report deadline was June 30, 2006. The discovery deadline is October 20, 2006, and the case is currently scheduled for trial in February of 2007.

Plaintiff missed his expert designation and expert report deadlines. Defendant met its deadlines by designating its experts by June 16, 2006 and by filing its expert reports by June 30, 2006. Subsequently, without leave of Court, Plaintiff attempted to designate Ted Milo as his expert. Plaintiff explains a calendaring mistake and/or inadvertence led to his failure to meet the expert designation and expert report deadlines. In his current motions, Plaintiff seeks leave of Court to extend the expert designation and expert report deadlines. In a separate motion, Plaintiff moves for a continuance of the February 2007 trial setting.

Defendant opposes Plaintiff's motions, and it has filed a separate motion to strike Plaintiff's late designation of Ted Milo as an expert. Relying on *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), Defendant asserts inadvertence is not an adequate justification for modifying scheduling order deadlines. In addition, Defendant asserts it will be prejudiced if the Court allows the requested modifications. Specifically, Defendant contends Plaintiff has an unfair advantage since Plaintiff's experts have Defendant's reports to rely on in generating their opinions.

### III. GOOD CAUSE ANALYSIS

Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of *good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge." (Emphasis added). The Fifth Circuit has stated four factors trial courts must consider when determining whether good cause exists to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [meet the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the

availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). The burden of showing good cause is on the party seeking the modification. *See Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

### III.  GOOD CAUSE ANALYSIS

**A.     Plaintiff's Explanation**

In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan.1995). The party's explanation for seeking relief from the schedule must demonstrate that it could not have met the deadline despite its diligence. Plaintiff's explanation does not show this.

The Court agrees with Defendant that Plaintiff's inadvertence alone does not justify relief from the schedule. Omission resulting "from a scheduling mistake in counsel's office . . . is not the type of satisfactory explanation for which relief may be granted." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Accordingly, this factor does not weigh in favor of modification of Plaintiff's expert designation and expert reports deadlines nor does it weigh in favor of modification of the trial setting.

**B.     The Importance of the Modifications**

The next factor for the Court's consideration involves the relative importance of the modification. The Court is convinced of the importance of the modification of Plaintiff's expert designation and expert report deadlines. Not allowing Plaintiff additional time to designate experts and to serve expert reports could certainly prejudice Plaintiff. Plaintiff asserts that to prevail in a design defect products liability case in Texas, he must establish the existence of a safer alternative

design for the defectively designed product at issue through expert testimony. The Court finds this factor weighs in favor of extending Plaintiff's expert designation and expert report deadlines. However, Plaintiff has not demonstrated good cause for modifying the February 2007 trial setting at this time.

**C.     Potential Prejudice in Allowing the Modifications**

There is potential prejudice to Defendant by allowing the requested modifications, but this prejudice could be minimized. In order to minimize this potential prejudice, the Court will not extend the trial setting at this time. Additionally, if so warranted, Defendant may supplement its expert report(s) in response to Plaintiff's expert report. For these reasons, the Court finds this factor weighs in favor of extending Plaintiff's expert designation and expert report deadlines, and it weighs against modification of the trial setting.

**D.     Availability of a Continuance to Cure such Prejudice**

This case is pending before District Judge David Folsom. The case is set for trial in early February of 2007. The Court is not convinced the parties are unable to prepare for trial in February even if the expert designation and expert report deadlines are modified to allow Plaintiff to designate Ted Milo as an expert in this case. Again, the Court finds this factor weighs in favor of extending Plaintiff's expert designation and expert report deadlines, and it weighs against modification of the trial setting.

**E.     *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990)**

Defendant relies on the Fifth Circuit's opinion in *Geiserman*, asserting inadvertence is not an adequate justification for modifying scheduling order deadlines. In the trial court proceedings in *Geiserman*, Geiserman did not designate any expert witnesses by the September 6 deadline

5

imposed by the court's scheduling order, and without leave of court, Geiserman subsequently attempted to designate two expert witnesses. The district court granted the defendant's motion to strike Geiserman's expert witness designations. On appeal, the Fifth Circuit applied the four good cause factors in evaluating the district court's exercise of discretion to exclude evidence that was not timely designated. The Fifth Circuit concluded the district court's refusal to modify the scheduling order and its enforcement of the time deadlines did not abuse its discretion.

Here, Defendant correctly argues, based on *Geiserman*, that a scheduling mistake "is not the type of satisfactory explanation for which relief may be granted." *Geiserman*, 893 F.2d at 791. However, in *Geiserman*, two of the three other factors also weighed against modifying the scheduling order.[2] Regarding the third factor, potential prejudice in allowing the modification, the Fifth Circuit found a delay of a couple weeks in designating the expert witness would have disrupted the court's discovery schedule and the opponent's preparation. *Id.* Regarding the fourth factor, the possibility of a continuance, the Fifth Circuit noted Geiserman's counsel never formally requested a continuance from the court. *Id.* at 792. The Court further stated that while the defendant "could have conducted new discovery and redeposed witnesses under a continuance in response to the untimely designation, this would have resulted in additional delay and increased the expense of defending the lawsuit." *Id.*

Unlike the situation in *Geiserman*, the Court finds three of the four good cause factors weigh in favor of extending the deadlines to allow Plaintiff to designate Ted Milo as an expert and to file his expert report. The Court has attempted to minimize the potential prejudice to Defendant by

---

[2] As for the second factor, the importance of the modification, the Fifth Circuit assumed *arguendo* that expert testimony was significant to Geiserman's case.

allowing Defendant to supplement its expert report(s), if necessary, and by refusing the extend the other scheduling order deadlines at this time.

### IV.  CONCLUSION

In sum, the Court has considered all four factors in determining whether good cause exists to allow a deviation from the Court's scheduling order.  The Court finds good cause for extending the deadlines to allow Plaintiff to designate Ted Milo as an expert and to file his expert report.  However, Plaintiff has not shown good cause for modifying the February 2007 trial setting.  At this time, the remaining deadlines contained in the Scheduling Order dated March 21, 2006 remain in effect.  Based on the foregoing, it is

**ORDERED** that Plaintiff Robert Robb's Request for Leave to Amend the Scheduling Order and Motion to Enlarge Time for Plaintiff to Designate Plaintiff's Expert Witnesses and to File Expert Reports (Docket Entry # 18) and  Plaintiff's Supplemental Motion to Plaintiff Robert Robb's Request for Leave to Amend the Scheduling Order and Motion to Enlarge Time for Plaintiff to Designate Plaintiff's Expert Witnesses and to File Expert Reports (Docket Entry # 29) are **GRANTED**.  It is further

**ORDERED** that Defendant Medtronic, Inc.'s Opposed Motion to Strike Plaintiff's Late Designation of Ted Milo as Expert (Docket Entry # 32) is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for Continuance (Docket Entry # 35) is **DENIED**.

**SIGNED this 2nd day of October, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE